

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2003

# Wallin v. Severance Plan Elec

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wallin v. Severance Plan Elec" (2003). *2003 Decisions.* Paper 28.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/28

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1524

———

IRA WALLIN,
Individually and as Class Representative on behalf of all other similarly situated
plaintiffs,

Appellant

v.

THE SEVERANCE PLAN OF ELECTRONIC DATA SYSTEMS; THE PLAN
COMMITTEE AND ADMINISTRATOR OF THE SEVERANCE PLAN OF
ELECTRONIC DATA SYSTEMS; ELECTRONIC DATA SYSTEMS
CORPORATION

———

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Ct. No. 01-cv-05463)
District Judge: Honorable William J. Martini

———

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2003

Before: RENDELL, BARRY and CHERTOFF, Circuit Judges.

(Filed: December 23, 2003)

1

OPINION

CHERTOFF, Circuit Judge.

Appellant Ira Wallin ("Wallin") appeals the judgment and order of the District Court granting summary judgment in favor of Appellees, The Severance Plan of Electronic Data Systems; the Plan Committee and Administrator of The Severance Plan of the Electronic Data Systems; and Electronic Data Systems Corporation (collectively "EDS"). Wallin filed a class action suit against EDS to recover benefits from EDS's Severance Plan ("the Plan") under the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461 (1994). For the reasons set forth below, we will affirm the judgment and order of the District Court.

I.

We will review the facts only briefly. Wallin was employed by Electronic Data Systems Corporation (the "Company") in September of 1988. On October 11, 2001, two Company managers telephoned Wallin to inform him that he was being terminated. The following day, on October 12, 2001, Wallin received his severance package materials in the mail. Wallin claims that only then did he learn that the Severance Plan had been amended on October 5, 2001, and that his severance package had been altered.

Before the October 2001 amendment, the Plan provided participants with two weeks of Weekly Base Pay in severance benefits per each complete Year of Service, with

2

a maximum of twenty-six weeks of Weekly Base Pay. After it was amended in October 2001, the Plan stipulated that participants with fewer than three Years of Service were to be provided two weeks of Weekly Base Pay in severance. Those participants with three or more Years of Service would be extended four weeks of Weekly Base Pay. Given his tenure at EDS, Wallin would have received the maximum twenty-six weeks of severance pay before October 2001, but was entitled to four weeks of severance pay under Plan amended in October 2001.

Wallin filed suit against EDS in District Court on November 27, 2001, and filed an amended complaint on March 22, 2002. In his amended complaint, Wallin alleged breach of the written provisions of the Plan, breach of fiduciary duty, and a claim of equitable estoppel against EDS. On January 23, 2003, the District Court denied Wallin's motion for Leave to File a Second Amended Class Action Complaint and granted EDS's motion for summary judgment.

## II.

This Court has jurisdiction to review the grant of summary judgment under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment. See Blair v. Scott Speciality Gases, 283 F.3d 595, 602-03 (3d Cir. 2002). We examine the facts in the light most favorable to the non-moving party and affirm the grant of summary judgment if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Based on the record,

we find that Wallin created no genuine issue as to any material fact relevant to his claims.

First, Wallin argues that the District Court wrongly granted summary judgment against his claim that EDS violated the notice provisions of the Plan and that EDS otherwise "actively concealed the purported Plan amendment, as part of a layoff program, until they had commenced the layoffs." (Appellant's brief at 10). We disagree.

ERISA's notice and disclosure requirements provide that the administrator of an employee benefit plan must furnish participants and beneficiaries with a readily understandable summary of any "material modifications" in accordance with the notice and disclosure requirements contained in Section 104(b)(1) of ERISA, 29 U.S.C. §1024(b)(1). Such notification must be made within 210 days of the end of the plan year. Id.

Wallin argues that the specific terms of the Plan imposed burdens on EDS beyond ERISA's requirements. He points to Section 5.2 of EDS's Severance Plan, titled "Amendment or Termination," that was in effect prior to the October 5, 2001, amendments. Section 5.2 reads in part, "EDS reserves the right to modify or terminate the Plan at any time. EDS through the Board of Directors or any committee designated by said Board of Directors may amend the Plan pursuant to a formal resolution. If this is done, eligible Participants will be notified of any important changes." (App. 64)

Wallin contends that this language "constitutes an extra-ERISA commitment,

4

above and beyond the statutory [210 day] notice requirement," which "impos[ed] an immediate notice burden on defendants." (Appellant's brief at 13). He argues that "defendants undertook an extra-statutory notice obligation without which notification of an 'important' change, the Plan cannot be amended." (Appellant's reply brief at 4)

In fact, the plain language of the Plan only states that "participants will be notified" about "important changes" to the Plan. The record indicates that Wallin did receive written notice of the October 5, 2001, amendments to the Plan on October 12, 2001, seven days after EDS had adopted the amended Plan. Wallin's claim that EDS was required to provide "immediate" notification is unfounded. No language in the Plan states, and no evidence suggests, that EDS was obligated to provide notification of changes within a specific period of time, or that it was required to provide simultaneous disclosure of the Committee's adoption of an amendment to the Plan.

Wallin also argues that the District Court should have upheld his claim that EDS "actively concealed" changes to the Plan by "burying" the information in its intranet site that was only accessible to management employees. This contention is frivolous. Even if Wallin was not able to access the Company's intranet site on October 11, 2001, when he was first notified of his termination, he received a copy of the amended Plan the following day on October 12, 2001. One day's lapse in disclosure hardly constitutes "concealment." And the fact that EDS had on one occasion provided notice of a Board resolution on the same day it was adopted (the "Todd Memo" of July 27, 1999) does not

5

suggest that a subsequent decision not to provide simultaneous notice constitutes active concealment by the Company.

Next, Wallin asserts that the District Court improperly granted summary judgment in favor of EDS on Wallin's claims of breach of fiduciary duty. This Court has held that in order to sustain a breach of fiduciary duty complaint under ERISA, a plaintiff must demonstrate (1) the company was acting in a fiduciary capacity; (2) the company made affirmative representations or failed to adequately inform plan participants and beneficiaries; (3) the company knew of the confusion generated by its misrepresentations or its silence; and (4) there was resulting harm to the employees. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W. v. Skinner Engine Co., 188 F.3d 130, 148 (3d Cir. 1999).

Wallin's claim founders at the second prong of this test, i.e. "that the company made affirmative representations or failed to adequately inform plan participants and beneficiaries." In support of his breach of duty claim, Wallin simply repackages his contention that EDS "actively concealed" information on its intranet site and failed to provide simultaneous notification of the Board resolution to Plan beneficiaries. We have rejected these arguments already, and they become no more persuasive garbed in the language of breach of fiduciary duty.

Wallin's final argument is that he is entitled to relief from EDS's October 5, 2001, amendment to the Plan based on a theory of equitable estoppel. In order to succeed

under this theory of relief, an ERISA plaintiff must establish (1) a material representation, (2) reasonable and detrimental reliance upon the representation, and (3) extraordinary circumstances. Curcio v. Hancock Mut. Life Ins. Co., 33 F.3d 226, 235-36 (3d Cir. 1994) (internal citations omitted).

A few days' delay of notification of a Plan amendment does not rise to the level of a material misrepresentation. Moreover, Wallin has failed to provide evidence to substantiate a finding of substantial harm based on this delay. He argues that in the seven-day window from the date the Board amended the Plan to the date he received written notice of the changes, i.e. October 5, 2001 to October 12, 2001, EDS "usurp[ed] [his] opportunity to make an informed decision regarding the future of his benefits and employment." (Appellant's brief at 28). However, an excerpt from Wallin's deposition suggests that his complaint is grounded more in wishful thinking than reality.

> Q. It is speculation on your [Wallin's] part that the position [at Merck Medco] was even still available as of October 5, correct?
> A. Yes.
> Q. And between October 5th and October 11th you did not turn down any employment opportunities, correct?
> A. Right. There were no specific opportunities offered.
> Q. And during that time, between October 5th and October 11th, you were not pursuing any opportunities, correct?
> A. Correct.
> Q. And nobody was pursuing you during that time frame, correct?
> A. Correct.

(App. 116-17, Wallin Dep. at 73-74).

No further discussion is necessary. EDS amended its Severance Plan on

October 5, 2001, and provided Wallin with notice of amendments to the Plan on October 12, 2001. Wallin did not provide evidence to suggest that EDS failed follow the notice requirements of the Plan or breached its fiduciary responsibilities to him. His request for relief under a theory of equitable estoppel is also unfounded. Accordingly, the judgment of the District Court will be affirmed.

———

TO THE CLERK:

Please file the foregoing opinion.


/s/ Michael Chertoff
Circuit Judge

8